**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**KENNETH PATRICK WILLIAMS,**

                            **Plaintiff,**

**-against-**　　　　　　　　　　　　　　　**3:07-CV-369**

**DONNA JOY BENNETT,**

                            **Defendant.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**

**I.  INTRODUCTION**

      Plaintiff KENNETH PATRICK WILLIAMS had been charged in the State of New York with Sexual Abuse in the First Degree concerning allegations of Plaintiff's conduct with a three-year-old female, and Rape in the First Degree concerning allegations of Plaintiff's conduct with a seven-year-old female. See Compl. ¶¶ 11, 14.  At his first trial on these charges, Plaintiff testified and

> expressly denied engaging in any sexual misconduct, or feeling any sexual gratification from or touching children inappropriately, or otherwise.  I also testified that, while I had on one occasion touched [the three-year-old] just below the waist area because I thought she might have been wet and checked her for that reason, I did not feel or intend any sexual gratification in connection with that touching and I did not believe it was inappropriate to check a child in that manner, but rather a normal parental act.

Plf. Aff. ¶ 13.

1

A mistrial was declared after the jury reached a deadlock. Compl. ¶ 18. Upon his retrial, Plaintiff entered an Alford plea to a charge of sexual abuse in the second degree concerning his conduct with the three-year-old female. Id. ¶ 19; see Matter of Silmon v. Travis, 95 N.Y.2d 470, 472, 474- 476 (2000).[1] Plaintiff was sentenced to a term of six years probation commencing December 15, 2006. Compl. ¶ 20. The terms and conditions of Plaintiff's probation included, *inter alia*, that he

> [s]hall undergo a sexual offender evaluation to be arranged by the Probation Department and further, if so recommended, shall attend and cooperate in a specialized sexual offender counseling program designed to deal with his/her sexual related problems and continue in such program until given a satisfactory discharge indicating no further need for counseling.

Plf. Aff. ¶ 22.

Plaintiff contends that he was "referred for a sexual offender evaluation by the Broome County Family and Children's Society for its counseling program, cooperated in the assessment and was found to be a low risk offender, and would have participated in

---

[1] As explained by the New York Court of Appeals in Matter of Silmon v. Travis:

In North Carolina v. Alford, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed.2d 162, the United States Supreme Court recognized that an accused may voluntarily enter a guilty plea without admitting culpability when there is strong record evidence of actual guilt.

* * *

In New York, such a plea is allowed only when, as in Alford itself, it is the product of a voluntary and rational choice, and the record before the court contains strong evidence of actual guilt. While Alford pleas are rare, from the State's perspective they are no different from other guilty pleas; it would otherwise be unconscionable for a court to sentence an individual to a term of imprisonment. In fact, this Court has recognized that an Alford plea may generally be used for the same purposes as any other conviction. Like any other guilty plea, it may be used as a predicate for civil and criminal penalties.

95 N.Y.2d at 472, 474- 476 (citations omitted).

the program but was not recommended" because he refused to admit (a) raping the seven-year-old or (b) that he touched the three-year-old for sexual gratification. Id. ¶ 24.

Thereafter, the Tioga County Probation Department filed a Declaration of Delinquency contending that Plaintiff violated the condition of his probation that mandated his attendance and cooperation in the specialized sexual offender counseling program. See Benjamin Aff., Ex. A. Plaintiff has been noticed to appear before the Tioga County Court on April 20, 2007 to answer for the alleged violation. Id., Ex. B. Plaintiff believes that on April 20th, his probation will be revoked and he will be incarcerated unless he makes the requested admissions to the sexual abuse counselor. He argues, therefore, that his Fifth Amendment right to refuse to make incriminating statements will be violated if the probation revocation matter proceeds. Plaintiff proceeds in this court by way of application for order to show cause seeking a temporary restraining order and preliminary injunction enjoining the Tioga County Probation Department "from any efforts to compel plaintiff to make incriminating statements or disclosures, and enjoining the probation revocation proceedings." See Proposed Order to Show Cause.

**II. DISCUSSION**

"[T]he District Court ... is duty bound to ... *sua sponte* [raise subject matter jurisdiction] whenever it appears that jurisdiction ... is lacking." Thompson v. New York Cent. R. Co., 361 F.2d 137, 144-45 (2d Cir. 1966); see Tellock v. Davis, 2002 WL 31433589, at * 3 (E.D.N.Y. Oct. 31, 2002) (raising the applicability of the Younger abstention doctrine *sua sponte*). Here, the Court's jurisdiction is clearly prohibited in light of the Younger abstention doctrine. See Younger v. Harris, 401 U.S. 37 (1971); Spargo v.

New York State Com'n on Judicial Conduct, 351 F.3d 65, 74-75 (2d Cir. 2003).[2]

Under Younger, federal courts should "abstain from jurisdiction whenever federal claims have been or could have been presented in ongoing state judicial proceedings that concern important state interests." Hawaii Housing Auth. v. Midkiff, 467 U.S. 229, 237-38, 104 S. Ct. 2321, 81 L.Ed.2d 186 (1984); see also Spargo, 351 F.3d at 75 ("Younger generally prohibits courts from taking jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings so as to avoid unnecessary friction.")(interior quotes and citations omitted). Indeed, "Younger abstention is mandatory when: (1) there is a pending state proceeding, (2) that implicates an important state interest, and (3) the state proceeding affords the federal plaintiff an adequate opportunity for judicial review of his or her federal constitutional claims." Spargo 351 F.3d at 75.

> [T]he Supreme Court has explained that "[t]he policies underlying Younger are fully applicable to noncriminal judicial proceedings when important state interests are involved." Middlesex County Ethics Comm. v. Garden State Bar Ass'n., 457 U.S. 423, 432, 102 S. Ct. 2515, 73 L. Ed.2d 116 (1982). Therefore, "unless state law clearly bars the interposition of the constitutional

---

[2] The Second Circuit explained in Spargo:

As the Supreme Court emphasized in Younger v. Harris, 401 U.S. 37, 43-45, 91 S.Ct. 746 (1971), federal courts should generally refrain from enjoining or otherwise interfering in ongoing state proceedings. This principle of abstention is grounded in interrelated principles of comity and federalism. See Schlagler v. Phillips, 166 F.3d 439, 442 (2d Cir.1999). Both considerations require federal courts to be "cognizant that 'the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways.'" Younger, 401 U.S. at 44. "Our Federalism" in its ideal form, as the Supreme Court explained in Younger, strives towards "a system in which there is sensitivity to the legitimate interests of both State and National Governments, and in which the National Government, anxious though it may be to vindicate and protect federal rights and federal interests, always endeavors to do so in ways that will not unduly interfere with the legitimate activities of the States." Id. . . . Giving states "the first opportunity ... to correct their own mistakes" when there is an ongoing state proceeding serves the vital purpose of "reaffirm[ing] the competence of the state courts," and acknowledging the dignity of states as co-equal sovereigns in our federal system. Id. at 200.

351 F.3d at 74-75.

> [or federal] claims," and "so long as there is no showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate, the federal courts should abstain." Id. at 432, 435, 102 S. Ct. 2515 (internal quotation marks and citation omitted). Younger itself explained that exceptions to abstention should be made only on a "showing of bad faith, harassment, or ... other unusual circumstance." Younger, 401 U.S. at 54, 91 S. Ct. 746.

Kirschner v. Klemons, 225 F.3d 227, 233-34 (2d Cir. 2000).

All three of the Younger factors are present here. First, there is a pending state proceeding - the revocation proceedings that Plaintiff seeks to enjoin. Second, the underlying proceeding implicates an important state interest, namely, the ability of the State of New York to determine whether probationers comply with the terms of their probation sentence. Third, the state proceeding affords Plaintiff an adequate opportunity for judicial review of his federal constitutional claim. See People v. Bercume, 6 Misc.3d 420, 427-28 (Monroe Cty. Sp. Ct. 2004)(addressing, *inter alia*, defendant's Fifth Amendment challenge in a probation revocation hearing.). Further, there is no showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate. Although the County Court judge who will hear the probation revocation matter is the same judge who presided over Plaintiff's prior criminal and Family Court matters, there is no indication that this jurist will fail to fulfill his judicial role with the utmost of impartiality. While Plaintiff may feel that he is the victim of a "witch hunt" by prosecutors and social services agencies in his county, the fact that the same judge presided over previous matters is not the type of extraordinary circumstance that would make abstention inappropriate.

**III. CONCLUSION**

Therefore, for the reasons set forth above, the Court will abstain from adjudicating the pending matter pursuant to the doctrine enunciated in Younger v. Harris, 401 U.S. 37 (1971). Plaintiff's action is **DISMISSED** and the application for an order to show cause is **DENIED** as moot.

**IT IS SO ORDERED**

DATED:April12,2007

Thomas J. McAvoy
Senior, U.S. District Judge